J. Brett Busby, Justice
Appellant Carl Johnson was charged with engaging in organized criminal activity by fraudulently using and possessing at least ten but less than fifty items of identifying information, including information belonging to elderly persons at least 65 years of age. See Tex. Penal Code Ann. §§ 32.51(c)(3), (c-1)(1) ; 71.02(a)(8) (West 2016). Appellant pled guilty without an agreed punishment recommendation and the trial court subsequently sentenced him to sixteen years in prison. Appellant appeals in three issues.
We begin with appellant's second issue because it impacts his right to appeal. In that issue, appellant contends the trial court erred when it found in his judgment of conviction that he had waived his right to appeal. Because the record establishes that appellant had the right to appeal his conviction, we sustain his second issue and modify the judgment accordingly.
Appellant argues in his first issue that his guilty plea was involuntary because his attorneys misadvised him about when he would be eligible for parole. We overrule this issue because appellant has not demonstrated that his attorneys' performance was deficient.
In his third issue, appellant contends that the $135 summoning witness/mileage fee included in his bill of costs violates his confrontation and compulsory process rights guaranteed in the United States Constitution and the Texas Constitution, as applied to him. These same arguments were raised, and rejected, in Merrit v. State , 529 S.W.3d 549, 557-59 (Tex. App.-Houston [14th Dist.] 2017, pet. ref'd). Because the arguments and relevant facts are identical in the two appeals, we overrule appellant's third issue for the same reasons expressed in Merrit .
BACKGROUND
The record shows that appellant was a member of the Felony Lane Gang. Members of this gang work in small groups that travel around the country stealing various items of identification, as well as credit cards, debit cards, and checks. Their normal method of operation was to break into cars parked at locations where the owners frequently leave purses in their cars, including cemeteries and daycare facilities. The gang members would then go to the drive-through lanes of banks and fraudulently obtain cash using the stolen items. The groups operate in a city for a period of time and then move on to another location.
Houston-area law enforcement received word from the FBI that a Felony Lane Gang group had been operating in Dallas and was heading to Houston. Police were able to locate the group and track their activities before arresting appellant and other members of the gang at a bank after they conducted fraudulent transactions.
Appellant was charged by indictment with fraudulently using and possessing at least ten but less than fifty items of identifying information while participating with *251 a group of individuals. The indictment further alleged that the identifying information included information belonging to elderly persons at least 65 years of age. See Tex. Penal Code Ann. §§ 22.04 ; 32.51(c-1)(1). The trial court appointed Emily Detoto as appellant's attorney.[1]
On February 15, 2016, appellant appeared in court, where the following discussion regarding a plea occurred:
The Court: You stand before this Court charged with a criminal felony offense by indictment. You have a right to have it read to you, to have a jury trial, to confront and cross-examine the state's witnesses, and bring witnesses into court to support any defense you might have. Do you understand and give up those rights?
[Appellant:] Yes, sir.
The Court: Is your client competent?
[Detoto]: He is, Your Honor.
....
The Court: You have the right to appeal any decision made by this Court in this case. Since there is no agreed recommendation, you do not give up your right to appeal. The range of punishment upon conviction is by confinement-what is this?
[Detoto]: Fifteen to life.
The Court: Say it again?
[Detoto]: Fifteen to life.
The Court: So what is it? A first degree felony?
[State:] Yes. It's a first degree enhanced by the engaging in organized crime statute.
The Court: All right. The range of punishment upon conviction by confinement in the Texas Penitentiary for a period of five years up to 99 years or life. If the Court further finds that the enhancement paragraph contained in the indictment is true, [then] the minimum instead of being five years in the penitentiary is 15 years in the penitentiary. Do you understand that range of punishment?
[Appellant:] Yes, sir.
The Court: How do you plead, guilty or not guilty?
[Appellant:] Guilty.
The Court: The Court has before it documents marked as State's Exhibit 1. Did you sign these documents freely and voluntarily, and only after they were explained to you by your lawyer?
[Appellant:] Yes, sir.
The Court: Did she answer all your questions?
[Appellant:] Yes, sir.
The Court: Do you have any questions at this time?
[Appellant:] No, sir.
The Court: State offers?
[State:] State offers State's 1, Judge.
[Detoto]: No objection.
The Court: Based on your plea of guilty and the evidence before the Court, the Court finds the evidence sufficient to find you guilty. The Court is going to set this matter for a punishment hearing in order that a presentence be conducted. This case will be reset to April the 21st. Do you understand that? Anything further from either side?
[State:] Nothing further from the State, Your Honor.
[Detoto]: I was going to ask the prosecutors, are you going to dismiss the other felonies today?
[State:] Yes, we have dismissals on those.
*252 The Court: If there's nothing further, that concludes this hearing.
State's Exhibit 1 consisted of two documents: (1) Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, and (2) Admonishments, Statements and Waivers of Defendant, and Judicial Confession. Both were signed by appellant, appellant's attorney, the prosecutor, and the trial judge.
In the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, appellant confessed that he
unlawfully, with the intent to establish, maintain and participate in a combination and in the profits of a combination, said combination consisting of [eight named individuals], [committed] the offense of Fraudulent Use of Identifying Information, namely, in that he did unlawfully with intent to defraud and harm another, OBTAIN POSSESS, TRANSFER, AND USE at least ten but less than fifty items of identifying information, including the information of elderly persons at least 65 years of age.
Appellant's plea attorney signed under a paragraph providing that she believed appellant executed the document "knowingly and voluntarily and after I fully discussed it and its consequences with him." The trial judge then signed under a paragraph providing:
This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.
The Admonishments provide, in pertinent part:
Pursuant to Article 26.13(d), Code of Criminal Procedure, the Court admonishes you the Defendant as follows and instructs you to place your initials by each item if you fully understand it:
(1) you are charged with the felony of Engaging in Organized Crime. If convicted you face the following range of punishment:
....
FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 15 years[2] in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed.
....
(7) if you are pleading to the Court without an agreed recommendation and requesting that the Court order a Pre-sentence Investigation, you must realize that you have no guarantee of any particular punishment and that any appellate rights you have would be limited to jurisdictional matters or to procedural matters after the entry of your plea.
Appellant initialed both paragraphs.
The Statements and Waivers of Defendant provide, in pertinent part:
*253 NOW COMES the Defendant in the above captioned cause and makes the following statements and waivers prior to the Court accepting my plea of guilty or plea of nolo contendere.
(1) I am mentally competent and I understand the nature of the charge against me;
(2) I understand the admonishments of the trial court set out herein, and I have no questions;
(3) I hereby WAIVE the right to have the trial court orally admonish me by reading these warnings aloud, and I give up the right to have the indictment/information read aloud to me in open court (formal arraignment);
....
(9) I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney, and I request that the trial court accept said plea;
....
(11) Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea;
....
(15) I consent to oral and written stipulations of evidence in this case.
(16) I have read the indictment and I committed each and every element alleged.
....
(18) I am not suffering under the delusive hope that the Governor will grant me a pardon or that I will receive early parole;
(19) I have received no promises of leniency or of any other nature, other than the plea bargain itself, if any, from my own attorney, from the State of Texas's attorney, or from any other person to induce me to plead guilty;
....
(21) I am fully satisfied with the services rendered to me by my attorney, and believe she/he has represented me competently, conscientiously, and to the best of her/his ability;
(22) I understand the offense I am charged with, and my attorney has discussed with me all the defenses, if any, I might have to these charges and I am entering this plea freely and voluntarily, in the exercise of my own good judgment;
....
(24) I understand that pursuant to Texas Government Code Section 501.014(e), the Court will order funds to be withdrawn from my Inmate Trust Account (commissary account) to pay specific expenses of my case, including the court costs, fees, fines and restitutions. I understand the Withdrawal Order stating the amount of these expenses will be incorporated into the Court's judgment.
Appellant initialed each of these paragraphs.
After appellant pled guilty, the case was reset so that a Presentence Investigation (PSI) Report could be prepared. Prior to the PSI hearing, appellant retained a new attorney, Tara Long. Long served as appellant's attorney during the PSI hearing, which occurred a few months after appellant's guilty plea.
Numerous witnesses testified during the PSI hearing. They included a co-defendant and the Harris County Constable sergeant who investigated the Felony Lane Gang. Both testified that appellant was a full participant in the gang's illegal activities, including burglarizing cars, renting the hotel rooms and cars used during the gang's illegal activities, and fraudulently withdrawing funds from banks. The sergeant *254 also testified that appellant refused to cooperate with investigators after his arrest.
Appellant testified during the hearing as well. Appellant denied participating in the gang and admitted knowing only one of the several co-defendants. Appellant stated that he only rented cars and sat in them and watched. Appellant said that he did not believe the police "saw me on surveillance because I haven't committed any burglaries. I haven't committed, pertaining to this crime or any other crime-I haven't committed any vehicle burglaries. I rented the car for [a co-defendant]." Appellant also testified that his other gang-related crimes mentioned in the PSI report were the result of mistakes and misunderstandings. Appellant did testify, however, that he understood that he had pleaded guilty to engaging in organized crime and that he "somewhat, not fully," understood what that meant. Appellant also admitted that he knew that the vehicles and hotel rooms he rented were going to be used by the gang. The trial court sentenced appellant to sixteen years in prison.
After the PSI hearing, appellant again obtained new counsel, who filed a motion for new trial. In the motion, appellant argued Detoto and Long were ineffective in advising him regarding the plea process and the sentencing range; as a result, his guilty plea was involuntary and unknowing. Appellant asserted that but for this misadvice, he would not have pled guilty and instead would have gone to trial.
The trial court conducted a hearing on appellant's motion for new trial. Appellant's declaration and affidavits from his father and mother were admitted into evidence. Although not admitted into evidence, affidavits from Detoto and Long were filed with the court on the date of the hearing, were referenced by both appellant and the State during the hearing, and are included in the clerk's record.
During the hearing on the motion for new trial, appellant argued that he was improperly admonished during the plea hearing as to the range of punishment for the offense. He also argued that because he was not advised by either attorney that the charged offense was "aggravated," and that he would have to serve half his sentence before he was eligible for parole, they were ineffective and his guilty plea was involuntary and unknowing as a result. At the conclusion of the hearing, the trial court found that the admonishment given by the trial court was in substantial compliance with article 26.13 of the Code of Criminal Procedure. The court then denied appellant's motion for new trial. This appeal followed.
ANALYSIS
I. Appellant did not waive his right to appeal.
Because appellant's second issue addresses his right to appeal, we address it first. See Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."). In that issue, appellant asks that we reform the trial court's judgment to reflect that he has the right to appeal. The pre-printed judgment form contains the following boilerplate language: "Furthermore, the following special findings or orders apply: APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." The State agrees that appellant did not waive his right to appeal. We conclude that this portion of the trial court's judgment does not accurately reflect the truth. The record establishes that this was not a plea-bargain case, nor was there an agreed sentencing recommendation when appellant pled guilty. See Tex. R. App. P. 25.2(a)(2). Additionally, the record *255 does not otherwise show that appellant has waived his right to appeal. See Ex parte Broadway , 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that "a defendant may knowingly and intelligently waive his entire appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for the waiver."). We have the authority to reform a judgment to "make the record speak the truth." French v. State , 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We therefore sustain appellant's second issue and reform the judgment to delete the following language: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."
II. Appellant has not established that the trial court abused its discretion in denying his motion for new trial.
Appellant argues in this first issue that his guilty plea was involuntary and unknowing because he was denied effective assistance of counsel during the plea hearing and the PSI hearing.
A. Standard of review and applicable law
A guilty plea is valid only if it represents a voluntary and intelligent choice among the courses of action open to the defendant. North Carolina v. Alford , 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A guilty plea based upon erroneous advice of counsel is not done voluntarily and knowingly. Ex parte Moussazadeh , 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).
To establish ineffective assistance of counsel, a defendant must prove that (1) counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; see also Hernandez v. State , 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying Strickland standard to claims of ineffective assistance under the Texas Constitution). An allegation of ineffective assistance must be firmly founded in the record, which must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State , 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. Strickland , 466 U.S. at 697, 104 S.Ct. 2052.
The Strickland test applies when the defendant contends he did not have effective assistance of counsel in pleading guilty. Hill v. Lockhart , 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ; Ex parte Torres , 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). To provide competent advice regarding a guilty plea, an attorney must conduct independent legal and factual investigations sufficient to provide a firm command of the case and the relationship between the facts and each element of the charged offense. Ex parte Niswanger , 335 S.W.3d 611, 615 (Tex. Crim. App. 2011) (abrogated on other grounds by Cornwell v. State , 471 S.W.3d 458, 464 (Tex. Crim. App. 2015) ). Our review of counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and motivated by sound strategy. See Jackson v. State , 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To satisfy the prejudice prong of Strickland in the guilty-plea context, the defendant must show there is a reasonable probability that, but for the lawyer's errors, the defendant would not have pled guilty and instead would have insisted on going to trial. Hill , 474 U.S. at 59, 106 S.Ct. 366 ; Torres , 483 S.W.3d at 42 ; Ex parte Luna , 401 S.W.3d 329, 334 (Tex. App.-Houston [14th Dist.] 2013, no pet.)
*256 . We consider the totality of the circumstances in determining whether counsel was ineffective. Thompson , 9 S.W.3d at 813.
When, as here, an appellant raises an ineffective-assistance claim in a motion for new trial, we analyze the issue on appeal as a challenge to the trial court's denial of the motion for new trial. See Charles v. State , 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (holding appropriate standard of review for claim of ineffective assistance of counsel brought forth in motion for new trial is abuse of discretion); Robinson v. State , 514 S.W.3d 816, 823 (Tex. App.-Houston [1st Dist.] 2017, pet. ref'd). In those circumstances, we review the trial court's application of the Strickland test through an abuse-of-discretion standard. Charles , 146 S.W.3d at 208. Generally, applying this standard means that we must decide whether the trial court's ruling was arbitrary or unreasonable. See Webb v. State , 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). As a reviewing court, we must afford "almost total deference" to a trial court's determination of historical facts and its application of the law to fact questions the resolution of which turns on an evaluation of credibility and demeanor. See Guzman v. State , 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). This same deferential review must be given to a trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits were controverted. Okonkwo v. State , 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). In the absence of express findings, we presume that the trial court made all findings, express and implied, in favor of the prevailing party. Id. We therefore view the evidence in the light most favorable to the trial court's ruling, and we will uphold that ruling if it was within the zone of reasonable disagreement. See Webb , 232 S.W.3d at 112.
B. Appellant has not demonstrated that his attorneys performed deficiently.
Appellant contends on appeal that his plea and PSI-hearing attorneys were ineffective because they misadvised him on when he would be eligible for parole. According to appellant, his attorneys did not advise him before he pled guilty that he would not be eligible for parole until he had served eight years of his sixteen-year sentence. See Tex. Gov't Code Ann. § 508.145(d)(1) (West Supp. 2017) (providing that person convicted under Engaging in Organized Criminal Activity statute is not eligible for parole until the person has served one-half of the sentence). Appellant states that if he had known he would have to serve eight years in prison before he was even eligible to receive parole, he would not have pled guilty and instead would have gone to trial.
In support of this issue, appellant initially points to the trial court's erroneous admonishment, quoted above, that the minimum punishment in appellant's case was five years in prison, unless the trial court found the enhancement in his indictment was true, in which case his minimum sentence would be fifteen years in prison. Appellant correctly observes that there was no enhancement contained in his indictment and that the minimum sentence, without any need for an enhancement, was fifteen years in prison. Neither his plea counsel nor the State corrected the trial court's misstatement regarding the possible minimum sentence. Appellant also emphasizes the handwritten change in his written admonishments, once again quoted above, that he was charged with a first-degree felony punishable by "a term of life [in prison] or any term of not more than 99 years or less than 15 years. " In appellant's *257 view, the meaning of this handwritten change was less than clear.[3] Appellant contends that "given the confusion from all parties about the effect of the engaging in organized criminal activity statute on punishment, it is not surprising that [appellant] was not advised that the same statute affected his parole eligibility on his 16-year sentence." The record does not, however, compel the conclusion that appellant received incorrect advice.
Appellant submitted a declaration in support of his motion for new trial asserting that he was misinformed about both the applicable range of punishment and his eligibility for parole by his plea attorney as well as his PSI-hearing attorney. The trial court, as the trier of fact, could disbelieve appellant's declaration even if it was not directly controverted, particularly given that it was unsupported by live testimony.[4] See Okonkwo , 398 S.W.3d at 694 ; see also Odelugo v. State , 443 S.W.3d 131, 137-38 (Tex. Crim. App. 2014) ; Riley v. State , 378 S.W.3d 453, 457-58 (Tex. Crim. App. 2012). Under the standard of review, we must presume the court did so. Okonkwo , 398 S.W.3d at 694.
Appellant also points to text messages attached to appellant's mother's affidavit, which were admitted into evidence during the hearing on the motion for new trial. According to appellant, these text messages came from the "sentencing attorney" and establish that his attorneys were laboring under the mistaken belief that he would be eligible for parole the next year. The text messages were from Ernest Clouser to appellant's mother, and they said that appellant would "probably be up for parole or early release next year." Appellant's father stated in his affidavit that he "deposited on a number of occasions $2500 dollars [sic] into attorney's Clouser [sic] bank account...." There is no evidence in the record, however, that Clouser was ever an attorney of record for appellant. In his declaration, appellant stated that he "never knew that Ernest Clouser was not licensed to practice law in Texas." We conclude that Clouser's text messages do not establish that appellant's plea or PSI-hearing attorneys misinformed him regarding his eligibility for parole if *258 he pled guilty.[5]
Finally, we turn to Ex parte Moussazadeh , the case appellant cites in support of his first issue. 361 S.W.3d at 692. In Moussazadeh , the Court of Criminal Appeals granted habeas relief based on an involuntary guilty plea because Moussazadeh's counsel admitted during the habeas proceeding that he was unaware of a recent change in the parole law and he misadvised Moussazadeh regarding when he would be eligible for parole as a result. Id. at 688. Because neither Detoto nor Long admitted misadvising appellant about when he would be eligible for parole if he pled guilty, we conclude Moussazadeh is not on point.
For these reasons, we conclude that the trial court reasonably could have found that appellant did not establish deficient performance by his plea and PSI-hearing attorneys. As a result, we hold that the trial court did not abuse its discretion when it denied appellant's motion for new trial. We overrule appellant's first issue.
III. The summoning witness/mileage fee assessed against appellant as court costs did not violate his confrontation and compulsory process rights.
In his third issue, appellant brings an as-applied challenge to the $135 "summoning witness/mileage fee" assessed against him as mandated by Article 102.011 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 102.011(a)(3), (b) (West 2006). Appellant contends that because he was indigent, this fee violates his confrontation and compulsory process rights guaranteed by the United States Constitution and the Texas Constitution.[6]
Another panel of this Court recently addressed the same arguments appellant raises here. See Merrit v. State , 529 S.W.3d 549, 557-59 (Tex. App.-Houston [14th Dist.] 2017, pet. ref'd). The Merrit panel rejected each argument. Because appellant's arguments challenging the trial court's assessment of the "summoning witness/mileage fee" are identical to the arguments raised and rejected in Merrit , and the relevant facts do not differ materially from those in Merrit , we reject appellant's arguments for the same reasons stated in Merrit and overrule appellant's third issue. See ids="12386662" index="44" url="https://cite.case.law/sw3d/529/549/#p557">id.
CONCLUSION
Having sustained appellant's second issue, we modify the trial court's judgment to delete the trial court's special finding: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Having overruled appellant's remaining issues, we affirm the trial court's judgment as modified.

Detoto is referred to in the plea hearing reporter's record as Ms. Munoz.

"Or less than 15 years" was handwritten beside the printed portion of the Admonishment.

Appellant does not argue on appeal that his guilty plea was involuntary due to an incorrect punishment-range admonishment. Even so, we disagree that the meaning of the first paragraph of his written admonishments, when read in its entirety as quoted above, is unclear. Instead, we conclude that the paragraph plainly informed appellant of the correct punishment range for the charged offense to which he was pleading guilty.

Appellant's plea attorney and PSI-hearing attorney each submitted affidavits regarding their representation of appellant. They appear in the Clerk's Record and both sides mention them in their appellate briefs. They were not, however, admitted into evidence during the hearing on appellant's motion for new trial. As a result, we cannot consider them in resolving appellant's ineffective assistance of counsel claim. See Frangias v. State , 413 S.W.3d 212, 219 (Tex. App.-Houston [14th Dist.] 2013, no pet.) ("Materials filed in the clerk's office in connection with a motion for new trial are not part of the substantive evidence unless accepted into evidence by the trial court at a hearing."). Detoto, appellant's plea attorney, stated in her affidavit that she discussed his case with appellant many times and explained the punishment range for his offense prior to his guilty plea. She also stated that she never promised appellant a particular outcome, nor did she tell him not to accept a plea bargain. Long, appellant's PSI-hearing attorney, stated in her affidavit that she discussed appellant's plea and the consequences of that plea with him and explained the range of punishment that he faced. Neither affirmatively mentioned anything about any discussions they had, or did not have, with appellant about his eligibility for parole if he pled guilty. Therefore, even if both affidavits had been admitted into evidence during the hearing, they would not change the outcome.

The website of the State Bar of Texas lists Clouser as not eligible to practice law in Texas because he was disbarred in 1994. A print-out of Clouser's State Bar of Texas status report was admitted into evidence during the motion for new trial hearing. We direct the Clerk of this Court to send a copy of this opinion and the record to the State Bar's Office of Chief Disciplinary Counsel, P. O. Box 13287, Austin, Texas 78711.

Appellant has not challenged this statute under any other constitutional provision.