

IN THE
TENTH COURT OF APPEALS

No. 10-17-00315-CR

JOSEPH E. HILDERBRAND,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2016-998-C2

MEMORANDUM OPINION

Appellant Joseph E. Hilderbrand entered an open plea of guilty to the offense of

failure to register as a sex offender and a plea of true to an enhancement document. At

sentencing, Hilderbrand requested that his plea of guilty be withdrawn, asserting that he

was under the influence of drugs at the time of his plea and that he had a variety of

defenses to the charge against him. The trial court denied Hilderbrand's request and

assessed a sentence of forty years in prison, which was below the maximum sentence of ninety-nine years to life for the enhanced offense.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Hilderbrand's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Hilderbrand's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Hilderbrand; and (3) informed Hilderbrand of his right to review the record and to file a *pro se*

response.[1]  *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.  Hilderbrand has filed a *pro se* response.[2]

In his *pro se* response, Hilderbrand raises six issues:  (1) the evidence is insufficient to support his guilty plea; (2) the evidence is insufficient because the charged offense does not meet the requirements of article 62.001(6) of the Code of Criminal Procedure; (3) the trial court failed to rule on his motion to represent himself; (4) the prosecutor failed to prove the elements necessary to make the charge a first degree offense; (5) his guilty plea was the result of ineffective assistance of counsel; and (6) the trial court erred in failing to allow him to withdraw his guilty plea.

"An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary."  *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App—Houston [1st Dist.] 2007, no pet.).  The issues Hilderbrand raises fail to overcome this heavy burden.  Hilderbrand's claim that his plea is not supported by sufficient evidence is barred by his

---

[1] Counsel has informed this Court that he has provided the appellate record to Hilderbrand.  *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

[2] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.–Waco 1997, no pet.)).

judicial confession. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). The same is true in regard to his plea of true to the separately filed enhancement. Both the indictment and the notice of enhancement embrace every constituent element of the offense charged. Likewise, Hilderbrand's claim that his plea is factually deficient because the charged offense does not meet the requirements of article 62.001(6) has no support in the record. In regard to Hilderbrand's claim that the trial court failed to rule on his request for self-representation, Hilderbrand failed to obtain a ruling from the trial court and failed to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1(a)(2).

There is also no basis for Hilderbrand's claim that the trial court failed to allow him to withdraw his guilty plea. Once a trial court has admonished a defendant, received his plea and the evidence, and passed the case for a PSI, the case has been taken under advisement, at which time the withdrawal of a defendant's plea is within the court's sound discretion. *Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.). An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Id*. Hilderbrand's request to withdraw his plea came after the trial court had taken his case under advisement, and he makes no showing that the trial court abused its discretion in denying him leave to withdraw his plea. Although Hilderbrand asserts he was under the influence of methamphetamine at the time he entered his plea, neither Hilderbrand's attorney nor the trial court noticed anything remarkable about Hilderbrand's behavior when he entered his plea that would

indicate that he did not understand the nature of the proceedings or the charges against him or that his plea was otherwise involuntary.

Finally, Hilderbrand's claim that he received ineffective assistance of counsel is not apparent from the record. "An allegation of ineffective assistance must be firmly founded in the record, which must affirmatively demonstrate the alleged ineffectiveness." *Johnson v. State*, 550 S.W.3d 247, 255 (Tex. App.—Houston [14th Dist.] 2018 (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988). We have reviewed the entire record, counsel's brief, and Hilderbrand's *pro se* brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. The judgment of the trial court is therefore affirmed.

In accordance with *Anders*, Hilderbrand's attorney has asked this Court for permission to withdraw as counsel for Hilderbrand. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous,

he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Hilderbrand and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

Before Chief Justice Gray,*
        Justice Davis, and
        Justice Scoggins
*(Chief Justice Gray concurs in the judgment to the extent the trial court's judgment is affirmed. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 31, 2018
Do not publish
[CRPM]

---

[3] No substitute counsel will be appointed. Should Hilderbrand wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.