

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00360-CR

Bert **VILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR1598
Honorable Jefferson Moore, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 11, 2020

AFFIRMED AS MODIFIED

Bert Villa appeals the trial court's judgments revoking his community supervision in the underlying cause. The sole issue presented on appeal is whether this court should modify the judgments to correct an error evident from both the record and an internal inconsistency in the judgments. The State concedes error. We sustain the issue and affirm the judgments as modified.

## BACKGROUND

In 2015, Villa was sentenced to eight years imprisonment for two counts of violating a protective order, with the sentences to run concurrently. Villa's sentences were suspended, and he was placed on community supervision. Separate judgments were entered on each count.

On May 20, 2019, the trial court held a hearing on the State's motion to revoke Villa's community supervision. At the hearing, Villa pled true to violating one of the conditions of his community supervision. The trial court found the allegation to be true and granted the motion to revoke. The trial court then stated on the record that it was sentencing Villa "to a term of seven years TDC, receiving credit for time served."

The judgments revoking Villa's community supervision are internally inconsistent. On the first page of the judgments, the judgments reflect the term of Villa's punishment to be seven years imprisonment and indicate the original judgment/sentence was reformed. The second page of the judgments contains boxes where the trial court can select either of the following options:

☐ The Court **ORDERS** Defendant punished in accordance with the judgment and sentence originally entered in this cause.

☐ Finding it to be in the interest of justice, the Court **ORDERS** Defendant punished in accordance with the reformed judgment and sentence indicated above.

The trial court marked the first option, which is inconsistent with the first page of the judgments and the trial court's verbal pronouncement of the sentences imposed.

## DISCUSSION

An appellate court has the authority to reform or modify a judgment "to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Johnson v. State*, 550 S.W.3d 247, 255 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (same). Because the trial court reformed Villa's original sentences to seven years imprisonment, we modify the trial court's judgments to

"make the record speak the truth" and affirm the judgments as modified. *French*, 830 S.W.2d 609; *see also* TEX. R. APP. P. 43.2(b) (authorizing courts of appeals to "modify the trial court's judgment and affirm it as modified").

## CONCLUSION

The trial court's judgments are modified to delete the mark in the box on the second page of the judgments selecting the following option: "The Court **ORDERS** Defendant punished in accordance with the judgment and sentence originally entered in this cause." The judgments are further modified by marking the box on the second page of the judgments selecting the following option: "Finding it to be in the interest of justice, the Court **ORDERS** Defendant punished in accordance with the reformed judgment and sentence indicated above." The judgments are affirmed as modified.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH