**Opinion issued May 28, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00670-CR

————————————

**TRACY B. MILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1712384**

---

## MEMORANDUM OPINION

A jury found Appellant Tracy B. Miles guilty of murder and assessed his punishment at 40 years' confinement in the Texas Department of Criminal Justice – Institutional Division. On appeal, Miles argues (1) his trial counsel rendered ineffective assistance of counsel by failing to exercise a peremptory strike against a

prospective juror and thereby failing to preserve a challenge to the trial court's denial of his challenge to the prospective juror for cause, and (2) the judgment should be reformed to reflect that Miles did not waive his right to appeal.[1]

We reform the trial court's judgment to reflect that Miles did not waive his right to appeal, and we affirm the judgment as reformed.

## Background

Miles was indicted for the murder of Deon Kelly, which is a first-degree felony offense that is punishable by imprisonment of between 5 and 99 years or life imprisonment and a possible fine up to $10,000.[2] *See* TEX. PENAL CODE §§ 19.02(c) (stating murder is first-degree felony); 12.32 (stating punishment range for first-degree felony). The indictment included two enhancement paragraphs alleging that Miles had been previously convicted of two felony offenses of burglary of a habituation. If found to be true, the enhancements elevate the punishment range to imprisonment for any term of not more than 99 years or less than 25 years or life imprisonment. *See id.* § 12.42(d).

---

[1] Miles also argues that the trial court erred in failing to pronounce his sentence orally in his presence. We abated Miles' appeal and remanded to the trial court to allow the trial court to pronounce its sentence orally in open court with Miles present in compliance with Section 1(a) of Article 42.03 of the Texas Code of Criminal Procedure. After a supplemental reporter's record was filed with the Clerk of this Court containing a transcript reflecting that the trial court pronounced its sentence orally in open court with Miles present, we reinstated the appeal.

[2] The underlying facts are not relevant for purposes of this appeal.

Miles pleaded not true to the murder offense, and the case was tried to a jury. During voir dire, Miles, the State, and the trial court addressed the possible ranges of punishment. Miles' counsel stated:

> Mr. Miles is charged with a first-degree felony, 5 to 99 years or life in a certain circumstance. I need to know -- I know that we've all -- you said you can consider life, but I need to know if you could consider the lowest amount of five years prison for someone who has been convicted of murder, in the appropriate case. We're going to go row by row. And how about we'll do it this way: Anyone who could not consider the minimum?

After a venireperson noted that the State had said that the punishment range in this case was 25 years to 99 years, the trial court explained that if the State "proves additional elements" during the punishment phase of trial "it is now a 25 to life case," and "if [the State] do[es] not, it would be a five to life case."

When Miles' trial counsel asked the venire panel if anyone could not consider the minimum of five years on a murder charge, Juror No. 2 answered "no." Trial counsel moved to strike Juror No. 2 for cause which the trial court denied. After asking Juror No. 2 again if he could consider the minimum range for murder, Juror No. 2 answered "no." Trial counsel moved to strike Juror No. 2 for cause a second time. The trial court denied trial counsel's second challenge for cause and called the parties for a bench conference during which the trial court described counsel's question as an improper commitment question.

3

After the bench conference, Miles' trial counsel moved onto another topic and did not broach the subject of punishment during her remaining voir dire. Miles' trial counsels used all of their peremptory challenges on other prospective jurors and Juror No. 2 was seated on the jury.

The jury found Miles guilty of murder, found both enhancement paragraphs to be true, and assessed his punishment at forty years' confinement in the Texas Department of Criminal Justice – Institutional Division. This appeal followed.

**Ineffective Assistance of Counsel**

In his first issue, Miles argues that his trial counsel rendered ineffective assistance of counsel by failing to properly preserve his challenge for cause against Juror No. 2, who stated that he could not consider the minimum range of punishment of 5 years. The State argues Miles failed to demonstrate that his trial counsels' performance was deficient because the record is silent as to trial counsels' motivations for not striking Juror No. 2, and trial counsels' decision to not exercise one of Miles' peremptory strikes on Juror No. 2 is not so outrageous that no competent attorney would have engaged in it.

**A.   Standard of Review and Applicable Law**

The Sixth Amendment of the United States Constitution and the Texas Constitution guarantee a criminal defendant the right to reasonably effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *see Lopez*

4

*v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The right to effective assistance of counsel requires objectively reasonable representation, not errorless performance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Lopez*, 343 S.W.3d at 142.

To establish that trial counsel provided ineffective assistance, an appellant bears the burden to demonstrate by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142. An appellant must establish both prongs before an appellate court will find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142 (citing *Strickland*, 466 U.S. at 687); *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

To satisfy the first prong, an appellant must show that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Lopez*, 343 S.W.3d at 142. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Under the second prong, an appellant must demonstrate prejudice or "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694; *see Lopez*, 343 S.W.3d at 142. A reasonable probability is one sufficient to undermine confidence in the outcome. *Lopez*, 343 S.W.3d at 142; *see also Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (stating reasonable probability is "a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable") (internal quotation marks omitted).

The Court of Criminal Appeals repeatedly has stated that trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). When trial counsel is not provided an opportunity to explain his actions, an appellate court will not find that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392); *see also State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008). Thus, where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).

"Both the State and defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.*, from the maximum to the minimum and all points in between." *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). A prospective juror who states that he cannot consider the minimum punishment for a particular statutory offense is thus subject to a challenge for cause. *See id.* at 185. "To preserve error for a trial court's erroneous denial of a challenge for cause, appellant must show that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury." *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). Because Miles' trial counsels did not use a peremptory strike on Juror No. 2 after the trial court denied Miles' challenges for cause, any potential issue regarding the denial of Miles' challenges for cause against Juror No. 2 are not preserved for appellate review. *See id*.

**B. Analysis**

Miles argues that his trial counsel rendered ineffective assistance of counsel by failing to properly preserve his challenges for cause against Juror No. 2, who stated that he could not consider the minimum range of punishment for the charged offense of murder. The State argues that the record is silent as to trial counsels' motivations for not exercising a peremptory strike against Juror No. 2 and we must

7

thus presume that counsels' performance was not deficient because there are "multiple sound trial strategy reasons" justifying counsels' decisions not to strike Juror No. 2, such as trial counsel may have worried that using a peremptory strike against a prospective juror after the trial court denied their challenge for cause would have gotten Miles "on the bad side of the court," or counsel may have "reevaluated and believed [Juror] No. 2's answers to other questions showed they should want them on the jury." *See Notias v. State*, 491 S.W.3d 371, 378 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding defendant's trial counsel did not perform deficiently by failing to challenge prospective juror for cause or exercise peremptory strike against prospective juror because "counsel may have decided that seating [a prospective juror] was 'an acceptable gamble' in light of other considerations known to him during voir dire"); *see also Delrio v. State*, 840 S.W.2d 443, 446 (Tex. Crim. App. 1992) ("Although we would certainly expect the occasion to be rare, we cannot say, as the court of appeals did, that under no circumstances could defense counsel justifiably fail to exercise a challenge for cause or peremptory strike against a venireman who deemed himself incapable of serving on the jury in a fair and impartial manner.").

Miles acknowledges that "the Court of Criminal Appeals and other appellate courts have rejected ineffective assistance of counsel claims for the failure to move

8

to challenge for a cause a venire person when confronted with a silent record."[3]

According to Miles, his case is distinguishable from those cases because "the record is not silent as to trial counsel's belief that Juror Number 2 stated that he could not consider the minimum range of punishment for the felony offense of murder; 5 years." Miles further argues that "it cannot be said that there was some strategic reason trial counsel kept him on the jury, as [his] trial counsel asserted a challenge for cause against Juror Number 2" and thus "there is no scenario under which trial counsel's failure to challenge Juror Number 2 for cause could be considered 'sound trial strategy.'"

The Court of Criminal Appeals' decision in *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008) is instructive as to whether trial counsel performs deficiently by not exercising a peremptory strike against a prospective juror after unsuccessfully challenging the prospective juror for cause. In *Morales*, the defendant's trial counsel challenged venireperson Wyatt for cause, arguing that Wyatt, an assistant district attorney, was a party to the suit and disqualified from serving on the jury. *Id.* at 689. The trial court denied counsel's challenge for cause and trial counsel elected not to use one of the defendant's peremptory strikes against Wyatt. *Id.*

---

[3]    Miles cites the following opinions: *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008), *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994), *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992), *Jackson v. State*, 617 S.W.3d 916 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd), and *Notias v. State*, 491 S.W.3d 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

In his motion for new trial, the defendant argued that his trial counsel rendered ineffective assistance by failing to preserve the trial court's error in denying his challenge for cause against Wyatt who was seated on the jury. *See id*. The defendant's trial attorneys submitted affidavits in support of the motion for new trial in which they averred that their failure to preserve error was not a strategic decision. The lead trial attorney, however, also

> explained in his affidavit that he failed to examine Wyatt's questionnaire before trial because he assumed that she would "automatically" be struck because of her status as an assistant district attorney but that they "were confronted with several bad choices when [they] had to make the strikes" at the end of voir dire, and they made the choice to retain her on the jury—again, without first examining her questionnaire. He maintained that had he read Wyatt's questionnaire, he would have exercised one of his peremptory challenges against her because of the "magnitude" of her connections to law enforcement….

*Id*. During the hearing on the motion for new trial, the lead trial attorney

> could not explain his failure to peremptorily challenge Wyatt: "It was a decision that I kind of made in a vacuum. * * * [B]ecause I had decided that she would be struck anyway, I never—I made the mistake of never, ever looking at her sheet." He assumed his co-counsel had examined Wyatt's questionnaire. He denied that the decision to retain Wyatt on the jury had been a "strategic" one, though he readily admitted on cross-examination that he "did make a decision that day, clearly, to not strike her." "I just—I can't really understand how we left her on the jury." He opined that for any defense counsel to leave "a lawyer for the State" on a criminal jury was "per se, ineffective assistance of counsel."

*Id*. at 690.

The Court of Criminal Appeals, however, determined that "the trial court could rationally infer that the appellant's trial attorneys made a difficult tactical

decision to leave Wyatt on the jury because, even though she was an assistant district attorney, she was still preferable to the other prospective jurors against whom they exercised their allotted peremptory challenges." *Id.* at 698. The Court thus "reject[ed] the court of appeals's conclusion that, because the appellant's trial attorneys failed to exercise a peremptory challenge against Wyatt and thereby failed to preserve their challenge for cause against her for appeal, they necessarily performed deficiently in contemplation of *Strickland.*" *Id.* The Court reasoned that "[e]ven if it is appropriate to regard Wyatt as impliedly biased under the Sixth Amendment, that does not *ipso facto* establish that trial counsel could not make a legitimate tactical decision to keep her on the appellant's jury." *Id.* at 698–99.

Although the record reflects Miles' trial counsels' reasons for challenging Juror No. 2 for cause, the record is silent as to trial counsels' reasons for not using one of their peremptory strikes against Juror No. 2, a step required to preserve an appellate challenge to the trial court's denial of Miles' challenges for cause. Because the record is silent as to why Miles' trial counsels decided not to use a peremptory strike against Juror No. 2, we must presume that trial counsels' performance was constitutionally adequate "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed*, 187 S.W.3d at 392); *Mata*, 226 S.W.3d at 431 (stating when appellate record is silent as to why trial counsel failed to take certain actions,

appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable").

As the Court of Criminal Appeals recognized in *Morales*, valid strategic reasons exist for not using a peremptory strike against a prospective juror after a trial court has denied a challenge for cause. *See Morales*, 253 S.W.3d at 698 (stating "the trial court could rationally infer that the appellant's trial attorneys made a difficult tactical decision to leave Wyatt on the jury because, even though she was an assistant district attorney, she was still preferable to the other prospective jurors against whom they exercised their allotted peremptory challenges"). Given that there are valid strategic reasons for not exercising a peremptory strike against a prospective juror after the trial court has denied a challenge for cause, we cannot say that trial counsels' failure to use a peremptory strike against Juror No. 2 was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed*, 187 S.W.3d at 392); *see also Morales*, 253 S.W.3d at 696–97. We thus conclude that Miles failed to prove by a preponderance of the evidence that his trial counsels' performance was deficient. *See Strickland*, 466 U.S. at 687 (stating appellant bears burden to demonstrate by preponderance of the evidence that his counsel's performance was deficient).

Having determined that Miles did not demonstrate that his trial counsels' performance was deficient as required by the first prong of *Strickland*, we need not

address whether Miles demonstrated that he was prejudiced by his trial counsels' deficient performance under the second prong of *Strickland*. *See Williams*, 301 S.W.3d at 687 ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

We overrule Miles' first issue.

## Reformation of Judgment

In his second issue, Miles argues that the trial court's judgment should be reformed to reflect that he did not waive or forfeit his right to an appeal by deleting the special finding, "Appeal Waived. No Permission to Appeal Granted."[4]

"An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Id*.

---

[4] On the written judgment, the trial court checked the box stating: "The Court enters an affirmative finding that Defendant has been found guilty of a felony. APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

13

The State agrees that reformation is appropriate because "the trial court checking a box on its written judgment stating Appellant had waived his right to an appeal is incongruent with its own orders and the record," including the trial court's Certification of Defendant's Right to Appeal, which certifies this "is not a plea-bargain case, and the defendant has the right of appeal." Additionally, the record does not otherwise show that Miles waived his right to appeal. We thus sustain Miles' second issue and reform the judgment to reflect that Miles did not waive his right to an appeal by deleting the special finding stating, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." *See Johnson v. State*, 550 S.W.3d 247, 255 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (reforming judgment by deleting statement "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.")

## Conclusion

We reform the trial court's judgment by deleting the special finding stating "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." We affirm the judgment as reformed.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.
Do not publish.  TEX. R. APP. P. 47.2(b).

14